```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF KENTUCKY
              CENTRAL DIVISION at LEXINGTON
```

| | | |
|---|---|---|
| DAWN ROSS, | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. |
| | ) | 5:19-cv-261-JMH |
| v. | ) | |
| | ) | **MEMORANDUM** |
| GRACE ROSS, | ) | **OPINION & ORDER** |
| | ) | |
|     Defendant. | ) | |
| | ) | |

\*\*\*

This matter is before the Court on Defendant's motion for an award of attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.4. [DE 13]. Defendant Grace Ross seeks attorney's fees under the Employee Retirement Income Security Act ("ERISA") after the Court entered an Order dismissing Plaintiff Dawn Ross's claims against her. [DEs 11, 12]. Plaintiff has responded in opposition to the request for attorney's fees [DE 15] and Defendant has replied [DE 17], making this matter ripe for review. For the reasons stated below, Defendant's motion for attorney's fees is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the above action in Scott County Circuit Court, seeking a declaration that she was the proper beneficiary of her former husband Clarence Boyd Ross III's life insurance policy, with whom she entered into a divorce settlement agreement

in December 2012. [DE 1]. The agreement stated that Plaintiff would receive the proceeds of Mr. Ross's life insurance policy through his previous employer, Michelin. Mr. Ross married Defendant in April 2013. [DE 11]. At the time of his death, Mr. Ross held a life insurance policy with a company called Camso. [*See* DE 11 at 2]. When he died, Defendant received the proceeds of Mr. Ross's life insurance policy pursuant to its terms.

ERISA mandates that beneficiaries of life insurance plans are determined "in accordance with the documents and instruments governing the plan." 29 U.S.C. § 1103(a)(1)(D). An exception exists where the parties have a "qualified domestic relations order" that clearly specifies a number of details about the plan and beneficiaries. 29 U.S.C. § 1056(d)(3)(C).

To determine if the settlement agreement met the level of specificity required by ERISA's exemption, the Court examined the agreement and applied relevant case law interpreting the statute. Plaintiff claimed that "substantial compliance" with 29 U.S.C. § 1056(d)(3)(C) was all that was necessary for the exemption to apply. [DE 5 at 2]. But, as the Court explained, the "substantial compliance" standard is only applicable to orders drafted before 1985. [DE 11 at 7 (citing *Sun Life Assurance Co. of Canada v. Jackson*, 877 F.3d 698, 701 (6th Cir. 2017))]. It is here that the Court pointed out two errors in Plaintiff's argument. In one instance she cited to a federal district court decision instead of

2

the Sixth Circuit decision overturning the case. [*Id*. at 7, n. 4]. In another, she omitted a portion of an opinion relevant to the facts and necessary legal analysis.

Though the settlement agreement specifically identified the life insurance plan as one held by Michelin, Plaintiff argued it still met most of the other requirements of the statute fully and espoused a factual argument that the policies were essentially the same. But the Court held that Plaintiff failed to provide the necessary facts to make that connection, thus finding that the policy was not clearly specified as required by ERISA to be a qualified domestic relations order.

## II. DISCUSSION

Local Rule 54(d)(2) provides that a motion for attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2) must be filed no later than thirty days after the entry of judgment.[1] In addition to time constraints, the motion must (1) "specify the judgment and the statute, rule, or other grounds entitling the movant to the award," (2) "state the amount sought, or provide a fair estimate of it," and (3) must "disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(ii)-(iv).

---

[1] While the Federal Rule provides that the motion must be made within fourteen days, it allows for adjustment of that timing pursuant to a statute or court order.

3

Defendant cites to 29 U.S.C. § 1132(g)(1) as the statute entitling her to an award of attorney's fees. [DE 13 at 1]. That section provides that in an action under ERISA's statutory scheme, a court may allow, in its discretion, a reasonable attorney's fee and costs of the action to either party. 29 U.S.C. § 1132(g)(1). To decide if the award of fees is proper, Courts in the Sixth Circuit look to "(1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Sec. of Dept. of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985). These factors, often called the *King* test, are not statutory and are typically not dispositive. *Moon v. Unum Provident Corp.*, 461 F.3d 639, 642-43 (6th Cir. 2006)(internal citations omitted). "Rather, they are considerations representing a flexible approach." *Id*. at 643. In the Sixth Circuit, there is no presumption that attorney's fees will be awarded. *Id*. (citing *Maurer v. Joy Technologies, Inc.*, 212 F.3d 907, 919 (6th Cir. 2000)).

Defendant also asks the Court to provide attorney's fees pursuant to 28 U.S.C. § 1927, which provides:

4

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

As Defendant points out, this statutory section is applied when an attorney knows or reasonably should know that the claim is frivolous. *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). An award of fees under this provision requires a showing of something less than subjective bad faith, but something more than negligence or incompetence. *Rentz v. Dynasty Apparel Industries, Inc.*, 556 F.3d 389, 396 (6th Cir. 2009). Defendant also states that the Court has "inherent power to sanction conduct that amounts to bad faith." [DE 12 at 2].

Under both provisions, Defendant argues that the fact that the settlement agreement and order from the state court was not a qualified domestic relations order for the purposes of the ERISA exemption "should have been obvious to Plaintiff." [*Id*. at 3]. Plaintiff states that she brought the case in good faith to "determine the categorization of a poorly drafted document." [DE 15 at 1]. Further, Plaintiff argues she firmly believed that the mediation agreement met the required standard set by ERISA at the time of filing. [*Id*. at 4].

First, the Court does not find that Plaintiff's claim was frivolous or vexatious. Plaintiff simply sought a declaration from

the Court clarifying the status of the qualified domestic relations order. As described above, this is a specific and factual inquiry that must take place after considering the terms of the agreement, the terms of the policy at issue, and comparing those facts to similar cases where plaintiffs claimed the same ERISA exemption.

Next, while the Court noted in the opinion that it was dissatisfied with some of the legal arguments Plaintiff espoused and how those arguments were presented, this behavior does not rise to the level of bad faith. Defendant argues that Plaintiff tried to essentially confuse the Court by arguing that the motion to dismiss should be reviewed under a motion for summary judgment standard. The Court rejected Plaintiff's argument that Defendant's motion to dismiss introduced case law outside of the pleadings. [DE 11 at 4]. It was noted that "legal arguments consisting of case and statutory law are expected in a motion to dismiss, where the Court asks only if there is a legal basis of relief." [*Id*. at n. 3]. Further, as noted above, the Court chided Plaintiff for the way she cited to and described two cases.

These problems, noted throughout the opinion, may be troublesome, but the undersigned is not convinced that the case was filed in bad faith or that the arguments were frivolous or intentionally misleading, so much as to justify the award of attorney's fees. As the Court's opinion indicates, the question Plaintiff sought to answer is not one that has been clearly

6

answered by the Courts in this Circuit. Additionally, though the Plaintiff cited to a legal rule inapplicable in this case—the "substantial compliance" standard—the question of exactly how clear the terms of the agreement must be is not as literal as it may seem. As noted in the opinion, the "clearly specified" standard requires more than substantial compliance but does not require "rigidity" or "magic words." [DE 11 at 7-8]. Thus, the question becomes largely factual and dependent on a close reading of an admittedly poorly drafted settlement agreement.

And in fact, the Court held against the Plaintiff not entirely because of the interpretation of the life insurance provision of the mediation agreement, but because Plaintiff failed to show that the Michelin policy in the agreement was in fact the same policy Mr. Ross held at the time of his death, though she may have alluded to it, the Court could not find that the agreement clearly specified the plan. Thus, the outcome of this case turned on not only the facts and statutory interpretation, but the sufficiency of the party's pleading.

A review of Sixth Circuit cases addressing attorney's fees under 29 U.S.C. § 1132(g)(1) demonstrates that, typically, a plaintiff sues the employer or entity who was found to have denied the plaintiff benefits under ERISA. *See, e.g., Foltice v. Guardsman Products, Inc.,* 98 F.3d 933 (6th Cir. 1996)(employee brought action against employer, district court granted summary judgment in favor

7

of employee, employee requested and was denied attorney's fees); *Moon v. Unum Provident Corp.*, 461 F.3d 639 (6th Cir. 2006)(participant in employee welfare benefit plan filed petition for attorney's fees). Though clearly a defendant who wins may request attorney's fees under ERISA, the *King* factors espoused by the Sixth Circuit will typically be more applicable where a plaintiff who sought benefits was awarded them pursuant to ERISA, and had to engage in litigation to vindicate her rights as a beneficiary. That is because a losing defendant in such a case will have violated ERISA, depriving a plaintiff of rights pursuant to a federal statute. That simply is not the case here: sanctioning Plaintiff with attorney's fees is not a punishment for violating ERISA, as contemplated in the attorney's fees provision. Finally, although the assessment of attorney's fees against a losing plaintiff is certainly a strong deterrent against bringing frivolous actions, it is usually sufficient that the plaintiff must bear her own attorney's fees, costs, or simply time spent pursuing litigation for bringing the case.

The question before the Court regarding ERISA's qualified domestic relations order exemption is one Courts have addressed many times. Courts have examined less and more specific provisions than the one at issue here. Thus, Defendant has not shown that Plaintiff filed the action with bad faith or otherwise acted so

8

egregiously as to require Plaintiff to pay attorney's fees after the Court found in Defendant's favor.

## IV. CONCLUSION

As Plaintiff stated in her response, her only recourse to attempt to enforce the mediation agreement, which named her as the beneficiary, was to seek an answer from the Court. That action, in and of itself, does not amount to bad faith and the Court does not consider it to be a vexatious or frivolous request. The Court finds no grounds to require Plaintiff to pay Defendant's attorney's fees in this case. Accordingly, **IT IS ORDERED** that Defendant's motion for attorney's fees [DE 13] is **DENIED**.

This the 20th day of July, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

9